**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| JOSEPH DEION PAGE, | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 3:25-cv-134 |
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| ARAMARK CORRECTIONAL | ) | Magistrate Judge Poplin |
| SERVICES, LLC, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is a prisoner's pro se complaint for relief under 42 U.S.C. § 1983 that the Court

dismissed at screening because it failed to state a claim upon which relief may be granted. [Docs.

12, 13]. Now before the Court is Plaintiff's motion to amend his complaint [Doc. 14]. For the

following reasons, this motion is **DENIED**.

> Regarding post-judgment motions to amend the complaint, the Sixth Circuit has held:

> Rule 15 requests to amend the complaint are frequently filed and, generally speaking, freely allowed. But when a Rule 15 motion comes after a judgment against the plaintiff, that is a different story. Courts in that setting must consider the competing interest of protecting the finality of judgments and the expeditious termination of litigation. If a permissive amendment policy applied after adverse judgments, plaintiffs could use the court as a sounding board to discover holes in their arguments, then reopen the case by amending their complaint to take account of the court's decision. That would sidestep the narrow grounds for obtaining postjudgment relief under Rules 59 and 60, make the finality of judgments an interim concept and risk turning Rules 59 and 60 into nullities.

*Leisure Caviar, LLC v. U.S. Fish & Wildfire Serv.*, 616 F.3d 612, 616 (6th Cir. 2010). Therefore,

"[w]hen a party seeks to amend a complaint after an adverse judgment . . . . the claimant must meet

the requirements for reopening a case established by Rules 59 or 60." *Id.*

Accordingly, the Court must determine whether to construe Plaintiff's motion to amend his complaint as filed under Rule 59 or 60. A post-judgment motion "filed within 28 days [after judgment] can be construed as a motion to alter or amend the judgment under Rule 59(e), and one that is filed after 28 days can be construed as a motion for relief from judgment under Rule 60(b)." *In re Greektown Holdings, LLC*, 728 F.3d 567, 574 (6th Cir. 2013). Because Plaintiff filed his motion to amend his complaint approximately four months after entry of judgment, the Court considers it under Rule 60(b) of the Federal Rules of Civil Procedure.

Rule 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). As nothing in Plaintiff's proposed amended complaint or the attachments thereto [Docs. 14-1, 14-2] appears to rely on newly discovered evidence, fraud, misrepresentation, misconduct, or any argument regarding the prior judgment, the Court interprets Plaintiff's motion to amend his complaint to seek relief under Rule 60(b)(1) and/or (6).

Rule 60(b)(1) "is intended to provide relief in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002). As to Rule 60(b)(6), while courts have broad discretion to grant

2

relief under this subsection, district courts only do so in "unusual and extreme situations where principles of equity *mandate* relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) ("Rule 60(b)(6) should apply 'only in exceptional or extraordinary circumstances which are not addressed by the five numbered clauses of the Rule.'" (quoting *Hopper v. Euclid Manor Nursing Home, Inc.,* 867 F.2d 291, 294 (6th Cir. 1989))); *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007).

Nothing in Plaintiff's motion to amend the complaint [Doc. 14] or his proposed amended complaint filings [Docs. 14-1, 14-2] indicate that Plaintiff made an excusable mistake or the Court made a substantive mistake regarding the law or facts of this case, such that Plaintiff may be entitled to relief under Rule 60(b)(1). Nor does anything in these filings indicate that this is an exceptional case where Plaintiff may be entitled to relief under Rule 60(b)(6).

Accordingly, Plaintiff's motion to amend the complaint [Doc. 14] is **DENIED.**

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**

3